**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MICHAEL A. WILLIAMS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. RWT-08-3005 |
| | * | |
| JAMES W. JOHNSON, | * | |
| | * | |
| Defendant. | * | |
| | *** | |

<u>**MEMORANDUM OPINION**</u>

Pending is Defendant's Motion to Dismiss. (Paper No. 9.) Plaintiff was sent notification regarding his responsibility to file a Response in Opposition to the Motion, but the notice was returned to the court marked "released." (Paper Nos. 10 & 11.) For the reasons that follow, the motion shall be granted.

Plaintiff alleged he was arrested on February 4, 2008, by the Baltimore County police. (Paper No. 1.) He states that upon arrival at the North Point precinct, he told the officers that he is a diabetic and that he needed to take insulin as he had gone without it for 48 hours. <u>Id</u>. He claims he did not receive his insulin until after 56 hours and only after he had had a "diabetic attack." (<u>Id.</u>) He further claims he was involved in a fight with Officer Weaver and a detention center officer and passed out as a result of not having received his insulin. <u>Id</u>. He seeks $500,000 in damages.

Defendant asserts he is entitled to dismissal because the complaint fails to allege any wrong-doing on his part. (Paper No. 9.) The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the complaint. <u>See</u> <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243 (4th Cir. 1999). The Supreme Court recently articulated the proper framework for analysis:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007) (footnote, quotation marks, and citations omitted.).  This standard does not require Defendant to establish "beyond doubt" that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Id. at 561.  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  Id.  The court need not, however, accept unsupported legal allegations, see Revene v. Charles County Comm'rs, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, see Papasan v. Allain, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, see United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979).

Plaintiff makes no specific allegations with respect to Defendant's involvement in any denial of medical care for his diabetes, and Plaintiff cannot proceed under a theory of respondeat superior.  The law in the Fourth Circuit is well established that the doctrine of respondeat superior does not apply in § 1983 claims. See Love-Lane v. Martin, 355 F.3d 766, 782–83 (4th Cir. 2004) (no respondeat superior liability under § 1983); Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a Bivens suit).  Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may

be a causative factor in the constitutional injuries they inflict on those committed to their care.'" Baynard v. Malone, 268 F.3d 228, 235 (4th Cir. 2001) (quoting Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984)).  Supervisory liability under § 1983 must be supported with evidence that (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).  Plaintiff has not supported his claim against Defendant with evidence supporting a supervisory liability theory under § 1983.

To the extent that Plaintiff states a claim against unnamed members of the Baltimore County Police and detention center staff, he fails to state Defendant's involvement in any alleged denial of medical care.  Thus, Defendant is entitled to dismissal.  A separate Order follows.

October 22, 2009

_____
/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE